**In re HAWAII DIMENSIONS,
INC., Debtor.**

**COMMERCIAL FINANCE,
LIMITED, Appellant,**

**v.**

**HAWAII DIMENSIONS, INC., Center
Properties, and Bishop Street
Limited Partnership, Appellees.**

Bankruptcy No. 83–00153.
Civ. No. 84–0844.

United States District Court,
D. Hawaii.

Feb. 25, 1985, Nunc Pro Tunc as of
Oct. 16, 1984.

James A. Nakano, Ikazaki Devens Lo Youth & Nakano, Thomas J. Wong, Honolulu, Hawaii, for Commercial Finance, Ltd.

Randolph R. Slaton, Honolulu, Hawaii, for Hawaii Dimensions, Inc.

Clifford Arinaga, Honolulu, Hawaii, for Center Properties.

Ronald K.K. Sakimura, Goodsill, Anderson, Quinn & Stifel, Honolulu, Hawaii, for Bishop Street Ltd. Partnership.

## REVISED ORDER AFFIRMING BANKRUPTCY COURT

SAMUEL P. KING, District Judge.

## FACTS

This court must sustain the Bankruptcy Court's findings of fact unless they are clearly erroneous. Bankruptcy Rule 8013. The Bankruptcy Court's findings of fact are supported by the record on appeal. Therefore this court adopts the following findings of fact made by the Bankruptcy Court in denying Appellant's motion for reconsideration. Hawaii Dimensions, Inc. filed a voluntary petition under Chapter 11 on March 29, 1983. As of July, 1983, it owed its Landlord, Center Properties, back rent of approximately $45,000.00. On July 27, 1983, a hearing was held before the Bankruptcy Court on the Landlord's application to require debtor to assume or reject the lease of certain ground floor commercial space at the Amfac Center. The Bankruptcy Court found that rejection of the lease was justified because of Hawaii Dimensions, Inc.'s continued losses. Hawaii Dimensions, Inc. then rejected the lease and turned over the keys to the Landlord.

Appellant, Commercial Finance, itself a Chapter 11 debtor, is the holder of a mortgage on the lease which was rejected by Hawaii Dimensions, Inc. In its motion for reconsideration Appellant raised for the first time the question of the effect of the rejection of the lease by Hawaii Dimensions, Inc. Appellant argued that rejection did not automatically terminate the lease but rather took the lease out of the administration of the estate. At the time of the hearing on the motion for reconsideration, Hawaii Dimensions, Inc.'s arrearages in lease rent had accrued to approximately $100,000.00.

## OPINION

A. The Bankruptcy Court did not err in approving the rejection of the subject lease.

■ Section 365(a) of the Bankruptcy Code (11 U.S.C. § 365(a)) provides in part:

[T]he trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

Hawaii Dimensions, Inc., as the debtor-in-possession, has all the rights and duties of

a trustee in a Chapter 11 case, subject only to certain restrictions not relevant hereto. 11 U.S.C. § 1107(a).

■ In supervising Hawaii Dimension, Inc.'s rejection of the lease, the Bankruptcy Court properly applied the "business judgment" test. *In re Chi-Feng Huang,* 23 B.R. 798, 800 (Bankr. 9th Cir.1982); *Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pacific Railroad Co.,* 318 U.S. 523, 550, 63 S.Ct. 727, 742, 87 L.Ed. 959 (1943). Under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate. *In re Chi-Feng Huang, supra.*

■ The Bankruptcy Court based its finding in part on the following facts:

1. Debtor intended to cancel its lease the next day. (Pages 5, 9, and 10 of the Reporter's Transcript of the Hearing July 27, 1983 [hereinafter Hearings].)

2. Debtor had lost its liquor license. (Hearings p. 15).

3. Debtor was losing money everyday. (Hearings p. 10).

4. Debtor did not intend to reorganize. (Hearings p. 11).

5. Debtor did not have enough money to keep the business open. (Hearings p. 11).

6. The Landlord had gone ten months without being paid. (Hearings p. 14).

7. Debtor believed there was no reason to assume the lease since it was burdening the debtor without benefiting anyone other than Commercial Finance. (Hearings p. 11).

8. The property had been for sale for six months and there was no buyer for the property. (Hearings p. 13).

Given these facts it is clear that rejection of the lease was in the best interest of the estate.

B. Rejection of the lease by Hawaii Dimensions, Inc., terminated the lease.

■ Appellant contends that rejection of the lease by Hawaii Dimensions, Inc. does not terminate the lease. There is little case law on this point, however, the structure of the legislation compels the conclusion that rejection of the lease operates to terminate the lease.

11 U.S.C. § 365(a) allows for the rejection of an unexpired lease of a debtor. Section 365(h)(1) explicitly states that rejection of an unexpired lease by a lessor-debtor may be treated as a termination of the lease *or* the lessee may remain in possession under the terms of the lease. Section 365(h) thus protects a lessee from rejection which would otherwise unilaterally terminate the lease. This interpretation of the legislative intent is supported by the legislative history.

Subsection (h) protects real property lessees of the debtor if the trustee rejects an unexpired lease under which the debtor is the lessor (or sublessor). The subsection permits the lessee to remain in possession of the lease property or to treat the lease as terminated by the rejection. H.Rep. No. 95–595, p. 349, U.S. Code Cong. & Admin.News 1978, pp. 5787, 6305.

If the same result follows from rejection by a lessee-debtor the statutory scheme performs logically. The lessor regains possession of the property and a prepetition claim for damages. In turn, the estate is relieved of the obligation to pay future rent. 11 U.S.C. §§ 365(g)(1), 502(b)(7). 11 U.S.C. § 502(g) states that rejection of an unexpired lease entitles the other party to damages for breach as set forth in section 502(b). Section 502(b)(7) refers to "damages resulting from the *termination* of a lease of real property." (emphasis added).

This interpretation is consistent with the effect of rejection by a debtor-lessor. Had Congress intended a different result upon rejection by a lessee, it could have easily specified a different result. The use of the word "termination" in section 502(b)(7) also supports the Bankruptcy Court's interpretation. The record indicates that this was also Appellant's original understanding of the effect of rejection. Hearings pages 6 and 7. Finally, the alternative interpretation offered by Appellant would unreason-

ably burden the lessor. One need only look to the facts in this case to see the burden this would place on the lessor.

This interpretation also receives support from the case law. In *In re O.P.M. Leasing Services, Ltd.,* 30 B.R. 642 (Bankr.S.N. N.Y.1983), the court in dealing with a set-off issue, clearly treated the rejection of an unexpired lease as a termination. Appellant's reliance upon *In re Garfinkle,* 577 F.2d 901 (5th Cir.1978) is not persuasive. *Garfinkle,* which was decided before enactment of the new Bankruptcy Code, involved a 999 year lease in which the landlord and tenant were the same person. There the only effect of rejecting the lease would have been to terminate the third-party mortgagee's interest in the leasehold interest without altering the debtor's practical interest and obligations. In the instant case rejection of the lease relieves the estate of a significant burden and a third-party lessor is allowed to gain possession of property upon which rent has not been paid for a significant amount of time.

C. The Bankruptcy Court did not violate the provisions of 11 U.S.C. § 362(a).

▆ Appellant, as a petitioner under Chapter 11 of the Bankruptcy Code, argues that section 362(a) operates as an automatic stay against any proceedings against the lease upon which it has a mortgage. Appellant does not, however, specify which of the eight subsections of section 362(a) is applicable to the lease in question. Analysis of the subsections reveals that the stay does not apply to the rejection of the lease by Hawaii Dimensions, Inc.

Subsection (1) of section 362(a) concerns actions against the debtor (in this case Appellant, Commercial Finance). The rejection of the lease was not part of an action against Commercial Finance and therefore subsection (1) is inapplicable. Subsection (2) applies only to enforcing judgments and therefore is inapplicable. Subsection (3) applies only to actions to obtain possession from the debtor. Since Commercial Finance did not have a possessory interest in the lease, subsection (3) is inapplicable.

Subsections (4) and (5) apply only to liens. Subsection 6 applies only to collecting claims. Subsection (7) applies only to set-offs. Finally, subsection (8) applies only to proceedings before the Tax Court.

Hawaii Dimension, Inc.'s rejection of its lease upon which Commercial Finance holds a mortgage does not violate any of section 362(a) stay protections of Commercial Finance. The Bankruptcy Court was therefore not prohibited from approving the rejection.

The decision of the Bankruptcy Court is therefore AFFIRMED. Costs on appeal are awarded to the Appellees pursuant to Bankruptcy Rule 8014.