**In re TAYNTON FREIGHT SYSTEM, INC., a Pennsylvania Corporation a/k/a McDermott Division, Debtor.**

Bankruptcy No. 5–85–00167.

United States Bankruptcy Court, M.D. Pennsylvania.

Dec. 18, 1985.

William L. Higgs, Rosenn, Jenkins & Greenwald, Wilkes-Barre, Pa., for Taynton Freight.

Chrisopher G. Kuhn, Pincus, Verlin, Hahn & Reich, Philadelphia, Pa., for Truck Terminal.

## MEMORANDUM AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The basic facts of this controversy are not seriously disputed. By lease dated August 1, 1969 and subsequently modified, Truck Terminal Real Estate Facilities, Inc. (TTREF) leased its facilities to H.W. Taynton Co., Inc. (Tayton) for a truck terminal in South Plainfield, New Jersey.

Thereafter on March 29, 1985, Taynton Freight Systems (successor-in-interest to H.W. Taynton Co., Inc.), filed a voluntary petition under Chapter 11 of the Bankruptcy Code and an order for relief was entered on that date. Taynton continued to operate its business as a debtor-in-possession (until recently) as the successor-in-interest to H.W. Taynton Co., Inc. On May 30, 1985, more than sixty (60) days after the order for relief was entered, debtor filed an ex parte motion for an order approving assumption of the unexpired lease with TTREF. One day later, May 31, 1985, the Court entered an order approving the assumption of the lease. On June 10, 1985, TTREF filed a motion to vacate the Order of May 31, 1985 and requesting an order deeming the lease rejected. Following an evidentiary hearing on this motion, the parties filed Briefs.

## DISCUSSION

Movant argues that the debtor failed to assume the lease within the time fixed by the Bankruptcy Code and the lease must, therefore, be deemed rejected. Further, that the only relevant provision of the Code in this matter is § 365(d) of the Bankruptcy Act of 1978, as amended. That section provides:

(1) In a case under Chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

(2) In a case under Chapter 9, 11 or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential property or of personal property of the debtor at any time before the confirmation of the plan, but the court, on the request of any party to contract, or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

(3) The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period. This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f) of this section. Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.

(4) Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject any unexpired lease of non-residential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such non-residential real property to the lessor.

The language of subsection (d)(4) movant argues is unambiguous: "(I)f the trustee does not assume or reject an unexpired lease of non-residential real property within 60 days after the order for relief ... then the lease is deemed rejected, and the trustee shall immediately surrender such non-residential real property to the lessor." Movant notes that the reference to the duty of the trustee in § 365(d)(4) specifically applies to debtor-in-possession by virtue of 11 U.S.C. § 1107(a).

Both parties argue that the case of *In re By-Rite Distributing, Inc.*, 47 B.R. 660 (D.Utah Bankr., 1985) is one of the few cases decided which involve an interpretation of the relevant section. There the debtor filed a motion to assume a lease within a 60 day period, but no action was taken thereon until that period had expired. The court concluded that the mere filing of a motion to assume within a statutory period did not operate to bring about an assumption of the lease, but court approval, on notice and a hearing, had to be granted for assumption to be effected. At page 669 the court stated:

> "It is the opinion of this Court that assumption of an unexpired lease of non-residential real property as contemplated by Section 365(d)(4) consists of three elements: (1) a conscious and deliberate decision on the part of the debtor in possession or trustee to assume, whether that decision is manifested by words, conduct, or a paper filed with the court; (2) the ability, as determined by the Court after notice and a hearing, to satisfy the cure, compensate, and adequate assurance requirements of Section 365(b)(1)(A)(B), and (C); and (3) a manifestation of judicial approval by the bankruptcy court."

Further, the Court concluded that the purpose of the amendment creating the automatic rejection mechanism was to resolve the uncertainties between parties to leases of non-residential property in a prompt manner. Movant argues that § 365(d)(4) prescribes a Statute of Limitations which begins on the date the order for relief is entered and ends 60 days thereafter. Here the debtor simply failed to comply with the statute. In its Memorandum, the debtor asks the Court to consider the "equities of the case" and in doing so overlook the statute. It argues that the statutory deadline can be extended in appropriate circumstances. While there are many cases which deal with the statutory time limitations for the assumption of an unexpired lease prior to the recent amendment, debtor has not been able to show that a court ever allowed the time limit to be extended after it had passed. A more recent case involving this problem is *In re Southwest Aircraft Services, Inc.*, 53 B.R. 805, 13 B.C.D. 814 (C.Cal.Bankr., 1985). There, a Chapter 11 debtor sought an extension of time to assume or reject a lease of non-residential realty. The lessor argued that the lease was automatically rejected pursuant to § 365(d)(4) by debtor's failure to assume within 60 days after commencement of the case, even though a motion for extension was filed within that time period. The motion for extension was denied. The Court stated 53 B.R. 805, 13 B.C.D. at page 815:

> "There are two important aspects of § 365(d)(4). First, the trustee (or debtor-in-possession pursuant to 11 U.S.C. § 1107) must accept or reject the lease within 60 days. Second, if the trustee or the debtor in possession wants more time in which to decide whether to accept or reject, the extension must be obtained within the original 60 day period. If the trustee or debtor-in-possession does not follow one of these two courses of action, then the lease is deemed rejected." (underscoring supplied).

In *In re Capellen*, 39 B.R. 40 (S.D.Fla. Bankr., 1984), trustee in a Chapter 7 case did not make a decision to assume or reject within the 60 day period, nor did he request an extension within that time. After the 60 days had elapsed the trustee sought to extend the time period and assume the lease, curing all defaults. The Court concluded that "(t)he obvious statutory purpose [of § 365(d)(1)] is to preclude this Court from retroactively extending the time for assumption." Accordingly, the lease was deemed rejected. *See also, In re Mead*, 28 B.R. 1000, 1002 (D.C., E.D.PA.

1983); *In re Kors,* 22 B.R. 19, 20 (D.Vt. Bankr., 1982); *In re Northwood Industries, Inc.,* 25 B.R. 210, 215 (W.D.Wis. Bankr., 1982).

The additional mandate found in § 365(d)(4) requiring immediate surrender to the lessor upon rejection, emphasizes the clear Congressional intent that § 365(d)(4) be strictly construed. Equally clear is the language of § 365(d)(4) that if the Court is to grant an extension of time beyond 60 days, this must occur before the 60 day period expires. The purpose of this requirement "is to preclude the court from retroactively extending the time for assumption upon retroactive application." *By-Rite, supra,* at 670. It follows then that the estate's interest in the lease had been terminated irrevocably and the court was without authority to authorize assumption by the debtor.

Accordingly, it is hereby

ORDERED that the Motion of TTREF is granted. The earlier Motion is hereby vacated and set aside. And further, that the debtor shall immediately surrender the premises to the Movant, TTREF.