In the Matter of BURNS FABRICATING COMPANY, Debtor.

Bankruptcy No. 86–01194–G.

United States Bankruptcy Court, E.D. Michigan, S.D.

June 11, 1986.

Robert S. Hertzberg, Hertzberg & Golden, Birmingham, Mich., for debtor.

Michael S. Khoury, Clark, Klein & Beaumont, Detroit, Mich., for creditors.

## AMENDED MEMORANDUM AND ORDER DETERMINING DEBTOR'S REJECTION OF UNEXPIRED LEASE AND ORDERING DEBTOR TO SURRENDER PROPERTY

RAY REYNOLDS GRAVES, Bankruptcy Judge.

Debtor-in-Possession Burns Fabricating Company (Burns) entered into a lease with the Marlin Group (Marlin) to lease certain premises located at 12601 Marlin Avenue in Redford, Michigan.[1] The leased property was employed for the purpose of operating the debtor's business. Subsequently, on March 19, 1986, Burns filed a petition for relief under Chapter 11 of the Bankruptcy Code. On April 10, 1986, Marlin filed a motion to compel Burns to accept or reject the lease in question. Burns filed a responsive pleading on April 18, 1986. The matter is currently before the Court on Marlin's motion to compel.

The issue raised by the Debtor is one of first impression in this court: Whether by answering Marlin's motion to compel, the debtor can preserve the issue of acceptance or rejection of the unexpired lease under

---

1. The parties disagree sharply as to when the lease was made, its duration, and the rent agreed upon. However, both parties agree that the lease, for the purposes of the case at bar is an unexpired lease under 11 U.S.C. § 365(d)(4).

§ 365(d)(4) beyond the 60–day limit within the statute? Disposition of this issue must involve policy considerations behind the statute itself, as well as congressional intent.

### HISTORY AND ANALYSIS OF 11 U.S.C. § 365(d)(4)

Acceptance or rejection of an unexpired lease of nonresidential real property by a trustee or debtor-in-possession is controlled by 11 U.S.C. § 365(d)(4):

> Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deem rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

The 1984 amendments to the Bankruptcy Code substantially changed § 365. Subtitle C of Title III of the amendments contained the changes to the Code's treatment of an unexpired commercial lease, and special protection for lessors of shopping center property.[2] Before the 1984 amendments, unexpired leases were treated differently in Chapter 7 than they were in Chapters 9, 11, and 13.[3] In Chapter 7, the trustee was allowed 60 days to make the decision whether to assume an unexpired lease. If the trustee did not assume or reject within the 60–day period, the lease was deemed rejected. However, the trustee could obtain additional time to assume or reject "for cause" within the 60–day period. In a reorganization proceeding under Chapter 9, 11, or 13, the debtor-in-possession or trustee could assume or reject an unexpired lease at any time prior to plan of confirmation, but a creditor could request that the bankruptcy court fix a deadline for assumption or rejection. See N.L. R.B. v. Bildisco and Bildisco, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984). The new § 365(d) allows the trustee to wait until confirmation to decide on assumption or rejection of residential or personal property leases. See 11 U.S.C. § 365(d)(4). However, the debtor-lessee of a nonresidential real property lease must act within 60 days or the lease is deemed rejected under all chapters. Id. Moreover, the Debtor-lessee must "timely perform" all obligations under the lease. 11 U.S.C. § 365(d)(3).[4] Upon rejection, the debtor-in-

---

2. These "so-called Shopping Center Bankruptcy Amendments" enacted as the Leasehold Management Amendments under the 1984 Amendments to the Bankruptcy Code were intended to provide relief to the lessors of property in shopping centers from the burdens imposed upon them by insolvent tenants. See 130 Cong.Rec.S. 8894–95 (Daily Ed. June 29, 1984) (Remarks of Senator Hatch).

3. Section 365(d) formerly provided: (1) In a case under Chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such contract or lease is deemed rejected, and (2) In a case under Chapter 9, 11, or 13 of this title, the trustee may assume or reject any executory contract or unexpired lease of the debtor at any time before the confirmation of a plan, but the court, on request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

4. This is notwithstanding 11 U.S.C. § 503(b)(1). That sections reads:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under § 502(f) of this title [11 U.S.C. § 502(f) ], including—
> (1)(A) The actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commission for services rendered after the commencement of the case;
> (B) any tax—(i) incurred by the estate, except a tax of a kind specified in section 507(a)(6)[7] of this title [11 U.S.C. § 507(a)(7) ]; or (ii) attributable to an excessive allowance of a tentative carryback adjustment that the estate receives, whether the taxable year to which such assessment relates ended before or after the commencement of the case; and
> (C) any fine, penalty, or reduction in credit relating to a tax of a kind specified in subparagraph B of this paragraph;

possession or the trustee must also "immediately surrender" the property to the lessor.

The language of the statute is clear and unambiguous. If the trustee or debtor does not act within 60 days of the petition for relief, the lease is deemed rejected by operation of law. Section 365(d)(4) was constructed so as to remove all doubt between debtors and their contractual lessors. 1978 U.S.Code Cong. & Admin.News pp. 5787, 5845.

## THE LEASE WAS REJECTED BY OPERATION OF LAW 60 DAYS AFTER THE PETITION FOR RELIEF WAS FILED

Section 365(d)(4) states that an unexpired lease must be "assumed or rejected within 60 days of the order of relief." This particular wording gives rise to a problem of interpretation. Does this language mean: (1) that the complete process of assumption or rejection with court authorization must occur within 60 days or (2) that the debtor must communicate a definite intention to take either action within the specified period. Many courts have supported the former proposition. See *Matter of Costal Industries,* 58 B.R. 48 (Bkrtcy.D.N.J.1986); *In re Alba Press Inc.,* 55 B.R. 127 (Bkrtcy. S.D.Fla.1985); *In re House of Emeralds Inc.,* 57 B.R. 31 (Bkrtcy.D. Hawaii (1985); *In re Taynton Freight System Inc.,* 55 B.R. 668 (Bkrtcy.M.D.Pa.1985). This interpretation, however, would not give a debtor or trustee the full 60 days allowed by statute. In *Matter of By-Rite Distributing,* 55 B.R. 740 (D. Utah N.D.1985), the debtor filed a motion to assume unexpired leases on certain nonresidential properties on the sixtieth day after the petition was filed. A hearing was held on the motion after the 60–day period had elapsed. The Bankruptcy Court held that even though the motion to assume was filed within the 60–day period, that since it was not heard and decided within 60 days of the petition, then the automatic rejection provision of § 365(d)(4) was triggered. The District Court reversed. The court held that as long as the trustee or debtor-in-possession files a motion to assume or reject within 60 days, then the automatic rejection does not occur. In reversing, the court noted the unfairness that results if rejection is triggered even though an intention to assume or reject has been communicated:

> The bankruptcy court's interpretation of section 365(d)(4) would actually defeat the stated legislative intent by giving the trustee less than the full 60 days to make up his mind ...

>     \*    \*    \*    \*    \*    \*

> [T]here is simply no indication that Congress intended to protect lessors from all problems incident to a tenant's filing a petition in bankruptcy ...

>     \*    \*    \*    \*    \*    \*

> The inequities of making assumption turn on the vagaries of congested court calendars are illustrated by the facts of this case. The two leases were deemed rejected despite the fact that the trustee made up his mind and communicated his decision to the court and the landlords within the required time.

*By-Rite,* 55 B.R. at 745.

■ Therefore, under the *By-Rite* analysis the moving party would have to file the motion far in advance of 60 days to allow time for the required notice, objections and hearing. See Bankruptcy Rule 6006. Congress could not have intended that such an important decision as assumption of a lease turn upon the congested docket of a court, thereby putting the trustee's success or failure in the hands of chance. The legislative history of section 365(d)(4) shows that Congress intended to make the process of assumption of unexpired leases of nonresidential property the same under all chapters of the Code. See 130 Cong.Rec.S. 8894–95 (Dailey Ed. June 29, 1984) (Remarks of Senator Hatch). The new § 365(d)(4) adopts almost exactly the wording of former section 365(d)(1). Subsection (d)(1) applied only to cases under Chapter 7. Logically then, the manner in which motions to assume were treated under former section 365(d)(1) is relevant to how cases

under the new section should be resolved. The cases decided under section 365(d)(1) supported the proposition that the 60–day limit applied only to the trustee's decision to assume, not to the court's approval of that decision. See *In re Price Chopper Supermarkets,* 19 B.R. 462 (Bkrtcy.S.D. Cal.1982); *In re Ro-An Food Enterprises Ltd.,* 41 B.R. 416 (E.D.N.Y.1984); *In re Avery Arnold Construction Inc.,* 11 B.R. 34 (Bkrtcy.S.D.Fla.1981). It is clear then that the 60–day period of § 365(d)(4) refers to the time in which the trustee or debtor must *decide* to assume or reject, and not the time in which the entire process must be completed. Therefore, the debtor or trustee must communicate to the court a definite intention to assume or reject in order to halt the automatic rejection provision under § 365(d)(4).

In the case at bar, no motion to assume or reject or for an extension of time was ever filed. Debtor however, contends that since it answered plaintiff's motion to require it (Burns) to accept or reject the lease, then this action in and of itself allows approval outside the 60–day period.[5] Debtor, however, in its answer does not communicate a decision to assume or reject the lease. The debtor never makes up its mind within the 60–day period. The proper procedure for such action would be a motion, notice, a hearing, and a court decision. See *In re Southwest Aircraft Services, Inc.,* 53 B.R. 805 (Bkrtcy.C.D.Calif.1985); *In re House of Emeralds, Inc.,* 57 B.R. 31 (Bkrtcy.D. Hawaii 1985). The 60–day rule promotes a speedy resolution of the issue of the status of a continuing contractual relationship under a lease agreement. This serves two important purposes: (1) to protect the lessor with an insolvent tenant; and (2) to speedily accept or reject the lease, determine the status of the parties, and proceed with the reorganization or liquidation in bankruptcy. This Court cannot allow a debtor to hold the acceptance or rejection of an unexpired lease in limbo merely by responding to a motion to compel. To do so would hinder the bankruptcy proceeding, allow the lessee an unfair advantage over the lessor, and frustrate the clear intent of Congress.[6]

We hold then that: (1) if a debtor does not assume or reject a lease, or file a motion stating a definite intention to do so within the 60–day period of 11 U.S.C. § 365(d)(4) the lease is deemed rejected; (2) debtor cannot preserve the issue of assumption of an unexpired lease beyond the 60–day period pursuant to § 365(d)(4) by the filing of an answer to a motion compelling the debtor to act under that section. In so holding, we follow the intent of Congress.

The 60–day period of § 365(d)(4) begins to run after a petition in bankruptcy is filed. See *In re Taynton Freight Systems Inc.,* 55 B.R. 668 (Bkrtcy.S.D.Fla.1985). Within this time, the debtor has the burden of going forward with action to assume or reject any unexpired leases. Congress clearly wished a speedy resolution to these issues, seeking to protect lessors of commercial property with tenants in bankruptcy, and also to further the goal of the bankruptcy proceeding itself. Our action

---

5. Marlin filed the motion so that it would resolve the issue of its status as lessor, thereby enjoying the benefits of § 365(d)(4) as intended for lessors by Congress. Debtor by its arguments seeks to "piggyback" on Marlin's actions to enforce its rights and thereby defeat those same rights. Section 365(d)(4) was not constructed so as to allow such a result.

6. A debtor who is allowed to "preserve" the issue of action on an unexpired lease under § 365(d)(4) for an indefinite period, places the lessor in a procedural quandry. The lessor cannot bring an action on the lease until it is either accepted or rejected. An uncertain status under § 365 coupled with the automatic stay provision of § 362 would build a double barrier to any action on the lease agreement. During this time, the lessor cannot let the premises to another tenant and may be forced into the unenviable situation of not being paid its rent, being paid its rent delinquently, or being paid partially. The lessor who elects to file a motion to compel should not be forced to accept additional delay merely because the debtor answered the motion, but did not assume the lease. The court cannot allow the Code to be interpreted so as to give one party such an overpowering advantage that can be used to such an end.

today furthers those same goals in the case at bar.

The issue presented in Marlin's motion and brief then is moot. The Court finds that the lease was rejected by operation of law on May 9, 1986, 60 days after the petition for relief was filed with this court. Accordingly, the debtor-in-possession must now pursuant to 11 U.S.C. § 365(d)(4) "immediately surrender the property to the lessor."

IT IS SO ORDERED.