In re **SOUTHWEST AIRCRAFT SERVICES, INC., Debtor.**

**SOUTHWEST AIRCRAFT SERVICES, Appellant,**

v.

**CITY OF LONG BEACH, and Atlantic Aviation, Appellees.**

**BAP No. CC–85–1447–AbMV. Bankruptcy No. LA85–05197–BR.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued May 20, 1986.

Decided Sept. 29, 1986.

---

Richard K. Diamond, Danning, Gill, Gould, Joseph & Diamond, Los Angeles, Cal., for appellant.

Robert H. Shutan, Sidley & Austin, Los Angeles, Cal., for appellees.

Before ABRAHAMS, MEYERS and VOLINN, Bankruptcy Judges.

## OPINION

ABRAHAMS, Bankruptcy Judge.

On the 57th day after filing a Chapter 11 case, the debtor moved to extend the time for assumption or rejection of a lease of nonresidential real property. The motion was heard 90 days after the case was filed. The Bankruptcy Judge ruled that under 11 U.S.C. section 365(d)(4) an extension could not be granted because more than 60 days had passed after the case was filed. 53 B.R. 805. He deemed the lease rejected. We affirm.

Southwest Aircraft Services, Inc. is the debtor and appellant. It was the tenant under a ten-year lease on certain nonresidential real property from the City of Long Beach. The debtor filed its Chapter 11 petition on April 19, 1985. Fifty-seven days later, it moved for an extension of the 60 day time limit for assumption or rejection of the lease under 11 U.S.C. section 365(d)(4).[1] The debtor did not seek an expedited hearing or a short *ex parte* extension of the 60 day time limit pending the hearing.[2] The Bankruptcy Judge reasoned that, according to the plain meaning of the section, extensions can only be granted within the 60 day period and that the time to assume had therefore expired. He therefore deemed the lease rejected.

Because we are asked to interpret Bankruptcy Code subsection 365(d)(4), we review the decision *de novo* as a matter of law. *In re American Mariner*, 734 F.2d 426, 429 (9th Cir.1984).

The cases are divided as to the precise steps a trustee or debtor must take to preserve a nonresidential real property lease within the 60 day deadline set by section 365(d)(4). Many of the decisions impose a strict rule whereby leases are automatically deemed rejected on the 60th day after the filing of the petition, absent a direct court order authorizing assumption.

---

1. "Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60 day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor."

11 U.S.C. § 365(d)(4) (amended 1984). In a Chapter 11 case a debtor in possession may generally exercise the powers of a trustee. 11 U.S.C. § 1107(a).

2. The Bankruptcy Judge stated at the hearing that he generally granted emergency *ex parte* applications for extensions before expiration of the 60 day time limit. Exhibit A to Appellant's Opening Brief, page 3, line 23 to page 4, line 1.

*In re By-Rite Distributing, Inc.*, 47 B.R. 660 (Bankr.D.Utah 1985) (*"By-Rite I"*); *In re House of Emeralds*, 57 B.R. 31, 35 (Bankr.D.Haw.1985); *Matter of Haute Cuisine, Inc.*, 57 B.R. 200, 202–03 (Bankr. M.D.Fla.1986); *In re BSL Operating Corp.*, 57 B.R. 945, 951 (Bankr.S.D.N.Y. 1986); *In re Bygaph, Inc.*, 56 B.R. 596, 601 (Bankr.S.D.N.Y.1986). In contrast some courts have held that so long as the trustee or debtor takes affirmative action to assume the unexpired lease within the statutory time limit, the right to assume the lease is preserved. *In re Bon Ton Restaurant and Pastry Shop, Inc.*, 52 B.R. 850 (Bankr.N.D.Ill.1985); *In re By-Rite Distributing, Inc.* 55 B.R. 740 (D.Utah 1985) (Jenkins, C.J.) (overruling *By-Rite I* as to strict 60 day rule for assuming leases); *In re Re-Trac Corp.*, 59 B.R. 251, 254–55 (Bankr.D.Minn.1986). These courts have reasoned that the acts of filing a motion to assume, noticing the lessor, and setting a hearing are adequate steps to constitute *assumption* for purposes of the 60 day deadline imposed by section 365(d)(4).

None of these cases are controlling here. The cited cases considered what acts would satisfy the requirement of *assumption* within the 60 day deadline. We are concerned with what acts the statute requires so that trustees and debtors are timely in seeking to *extend* the period for actual assumption or rejection. *See Unit Portions of Delaware*, 53 B.R. at 85–86 (only requiring trustee to request a hearing on its motion for extension and to make a *prima facie* case of his need for extension); *contra Matter of Coastal Industries, Inc.*, 58 B.R. 48 (Bankr.N.J.1986).

While there may be ambiguity in the statutory language with respect to what constitutes assumption of a lease, there is no doubt with respect to extensions of time. Section 365(d)(4) reads, "if the trustee does not assume or reject ... within such additional time, as *the court*, for cause, *within such 60-day period, fixes*, then such lease is deemed rejected ..." This language is precise and leaves no room for arguing that an extension may be granted or confirmed after 60 days have elapsed.

■ We disagree with the reasoning of *In re Unit Portions of Delaware, Inc.*, 53 B.R. 83, 85–86 (Bankr.E.D.N.Y.1985) that this conclusion produces absurd results. The only burden on the trustee or debtor is to obtain a ruling on an extension within 60 days of filing the petition. This time may be short, but it is not absurdly so. We do not deal here with emergencies preventing a timely made motion from being heard within the 60 day period. The debtor's motion was not filed until the 57th day. In addition, there were no unusual circumstances giving rise to claims of excuse or waiver here.

■ The debtor contends that rejection under section 365(d)(4) does not terminate a lease. We disagree. To us, "rejection" normally implies termination of the debtor's interest. The statute is even more explicit here, however, because it adds that if the lease is deemed rejected "the trustee shall immediately surrender such nonresidential real property to the lessor." 11 U.S.C. § 365(d)(4).

For the reasons stated, we AFFIRM.