In re HURST LINCOLN–MERCURY, INC., Debtor.

**RIDGEVIEW LINCOLN–MERCURY, INC., Movant,**

v.

**HURST LINCOLN–MERCURY, INC., Debtor.**

No. 1–86–03587.

United States Bankruptcy Court, S.D. Ohio, W.D.

March 2, 1987.

---

See also, Bkrtcy., 72 B.R. 747.

Dennis R. Williams, Florence, Ky., for movant.

Paul Nemann, Cincinnati, Ohio, for debtor.

## DECISION

BURTON PERLMAN, Bankruptcy Judge.

Movant filed this contested matter after more than 60 days had passed since the order for relief in the case, and debtor had failed to assume or reject its lease of non-residential real property.

The matter came on for a final hearing at which time testimony was heard. At the conclusion of the hearing, we ruled in favor of movant, announcing on the record the reasons for that conclusion. Essentially, we concluded that the 60 day period provided for in 11 U.S.C. § 365(d)(4) had passed without assumption by debtor, and no significant equitable basis had been shown to resist the application of the statute. Debtor contended merely that movant knew that it wanted to retain the premises, but made no showing whatever regarding why no effort was made to comply with the statute.

In its motion, movant prayed for relief in the alternative. First, it requested an order that debtor be required to surrender possession of the premises. In the alternative, it requested that the automatic stay be modified to permit it to initiate state court eviction proceedings. We were unprepared at the hearing to select between these alternatives and reserved decision thereupon. The parties have now furnished us with legal memoranda on the point. We conclude that movant is entitled to an order requiring that debtor surrender possession to it.

The statute here in question, 11 U.S.C. § 365(d)(4), was added to the Bankruptcy Code by the 1984 Bankruptcy Amendments. It provides:

\* \* \* \* \* \*

(d)(4) Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for

cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

\* \* \* \* \* \*

Prior to that new law, the Code contained no special provision regarding treatment of unexpired leases of nonresidential real property. The prior pertinent statute contained no time period within which a Chapter 11 debtor was required to assume or reject an unexpired lease of nonresidential real property. We accept the statement of relevant legislative history regarding this new enactment to be found in *In re Bernard,* 69 B.R. 13 (Bankr.Hawaii 1986):

The legislative history of § 365(d)(4) shows that it was the result of heavy lobbying by the (sic) lessors. Previous to the enactment of the 1984 statute, the lessors were often frustrated by the long delay in regaining possession of their property from the debtors-lessees. As a result, many leased premises were often times left vacant while the debtors-lessees delayed in determining whether to assume or reject a lease. Meanwhile, the lessors did not receive any income from the premises leased to the debtors-lessees. Under § 365(d)(4), this immediate surrender of the premises upon rejection of the lease was to enable the lessors to once again rent the premises and to earn income from the demised premises.

It will be apparent, however, indeed from the very facts of the present case, that the language of the statute sweeps much more into its embrace than the situation which led lessors to seek its enactment. Here, there is no question about an extended period of vacancy. Such a disparity between legislative objective and employed statutory language often appeals to the bankruptcy court, a court whose fiber is permeated with the spirit of equity, and may lead to a softening of the hard edges of the law. Here, however, we are unable to find room for such latitude. The language of the statute is plain and unequivocal, and where that is so there is no room

for maneuver. Debtor took no action within the statutory 60 day period. The case was filed October 21, 1986, and it was not until January 28, 1987 that it filed a motion to assume the unexpired lease. Under these circumstances, we find ourselves in agreement with the result reached by the court in *In re Southwest Aircraft Services, Inc.,* 53 B.R. 805 (Bankr.C.D.Cal.1985), that the rejection worked by the failure to assume results in a termination of the lease. Movant is therefore entitled to an order that debtor surrender the real property in question to it.

Debtor argues against the result we here reach. It urges on the strength of *In re Adams,* 65 B.R. 646 (Bankr.E.D.Pa.1986), *In re Re-Trac Corp.,* 59 B.R. 251 (Bankr.D.Minn.1986), *In re Mead,* 28 B.R. 1000 (Bankr.E.D.Pa.1983), and *Matter of Burns Fabricating Co.,* 61 B.R. 955 (Bankr.E.D.Mich.1986), that we grant movant relief only by way of lifting the § 362 stay, so that movant could then pursue its remedies to secure possession of the premises pursuant to state law. We find this approach unappealing. If debtor is current with its rent, as appears to be the case here, movant could not succeed in an eviction. The net result then would be that the last clause of § 365(d)(4) would be rendered meaningless. We are unwilling to so interpret this statute.

■ We comment by way of dictum that there is some latitude available to debtor in the application of § 365(d)(4), and equitable considerations can to some extent be accommodated. This court has held that upon a showing of good cause, and providing that request is made within the 60 day period, that a debtor may be given an extension of the 60 day period. While we have not had occasion to deal with the question, it seems to us to follow from the foregoing that it might be possible to secure an extension of the 60 day period where request is made following expiration of the period upon a showing of excusable neglect, consistent with B.R. 9006(b). The 60 day period in the statute, however, may not be disregarded.

**818**

Subsequent to the hearing, debtor requested that, in the event we reached the result we do here, we allow it two weeks as a grace period so that it can accomplish an orderly sale of its business. This time period does not seem unduly burdensome to movant and, accordingly, we will defer any right of execution on our order to allow such grace period.