## In re CHRIS–KAY FOODS EAST, INC., Debtor.

### Bankruptcy No. 89–12312.

United States Bankruptcy Court,
E.D. Michigan, S.D.

Aug. 23, 1990.

Jeffrey A. Chimovitz, for debtor.

Frumeth Brenda Hirsh, for Center Courtland, Inc.

## MEMORANDUM OPINION ON LANDLORD'S MOTION FOR IMMEDIATE POSSESSION OF PREMISES

ARTHUR J. SPECTOR, Bankruptcy Judge.

The issue in this case is whether a lessor is entitled to immediate possession of nonresidential real estate from a debtor in possession after the 60 day time period under § 365(d)(4)[1] has expired without an effective assumption of the lease by the debtor in possession.

On November 9, 1989, Chris Kay Foods East, Inc. ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor owns and operates the Palace Family Kitchen, a restaurant located at the Courtland Center Shopping Mall in Burton, Michigan, which is owned by Center Courtland, Inc. ("Landlord"). Just prior to the bankruptcy filing, the Landlord served the Debtor with a Notice to Quit, which is the first step in an eviction proceeding in Michigan. Before the eviction could be brought to court, the Debtor obtained a stay by filing Chapter 11. Notwithstanding the requirements of

---

**1.** Section 365(d)(4) states:

Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

§ 365(d)(3),[2] the Debtor did not pay its post-petition rent. On the 60th day post-filing, the Debtor filed a motion for approval of assumption of the lease.

In its motion, the Debtor stated that it "cannot propose a prompt cure of any existing defaults in that lease unless a final judicial determination has been made as to whether such defaults actually exist." The Debtor acknowledged that the Landlord claimed that unpaid pre- and post-petition rent was due, but claimed an offset or a defense because the Landlord had allegedly "breached its obligations and representations to [the Debtor] under that lease." It further alleged that the amount the Landlord owed the Debtor was more than the amount that the Debtor owed the Landlord.[3]

Following stipulated adjournments, a hearing on the Debtor's motion was held on March 7, 1990. The Debtor explained at the hearing that the primary basis for its claim was the Landlord's alleged misrepresentations regarding the anticipated volume of mall traffic. The Debtor sought to justify its refusal to pay post-petition rent on the same grounds. The Court rejected the Debtor's attempt to avoid the clear dictates of § 365(d)(3), analogizing to the reasoning in *Zagata Fabricators, Inc. v. Superior Air Products*, 893 F.2d 624, 628–29 (3rd Cir.1990) (holding that a lessee/purchaser of real property is not entitled to free possession as a result of alleged breaches by the landlord/seller, but must instead seek such relief as may be available under established principles of contract law). We therefore sustained the Landlord's objections to the Debtor's motion and refused to approve the Debtor's assumption of the lease. Although the 60-day time period for assumption or rejection had expired long before the date of the hearing, the Debtor's plea that the Court not declare the lease rejected by operation of § 365(d)(4) was granted; we gave the

parties an opportunity to specifically address the issue at a later date. In the meantime, however, the Court granted the Landlord relief from the stay to permit it to proceed in state court to evict the Debtor and to allow the Debtor to litigate its defenses and claims against the Landlord. *Compare In re Cybernetic Services, Inc.*, 94 B.R. 951, 954 (Bankr.W.D.Mich.1989) (court modified stay to permit lessor to proceed in state court to obtain possession of the premises).

On March 22, the Landlord requested an order from the Court declaring that the lease was rejected and requiring the Debtor to immediately surrender the premises pursuant to § 365(d)(4). The Landlord argued that state law is supplanted by § 365(d)(4) when the tenant is a debtor in possession. It maintained that by not declaring the lease rejected on March 7, but merely lifting the stay of the state court eviction proceedings, we rendered the last clause of § 365(d)(4) meaningless.

The Debtor contested the motion, asserting that Michigan law permits a commercial tenant to join counterclaims against a landlord for breach of the lease to a suit by a landlord for eviction of the tenant. Mich. Comp.Laws § 600.5739. Michigan law also requires that if the trial of the counterclaim is necessary in order to determine the amount the tenant would have to pay to avoid eviction, "the counterclaim must be tried at the same time as the claim for possession ... unless it appears to the court that the counterclaim is without merit." Michigan Court Rule 4.201(G)(1)(d). The Debtor argues that by deeming the lease rejected and ordering immediate surrender, we would be depriving it of the procedural protections of state law.

There is little doubt that, as a result of the Debtor's failure to effectively assume the lease within the 60–day time frame and its failure to obtain an extension

---

**2.** Section 365(d)(3) provides in pertinent part that "[t]he trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title."

**3.** It bears noting, however, that the Debtor did not list its claim against the Landlord as an asset in its schedules.

**72**

of that period, the lease was rejected as a matter of law. 11 U.S.C. § 365(d)(4); *In re Burns Fabricating Co.*, 61 B.R. 955, 14 B.C.D. 654 (Bankr.E.D.Mich.1986). The Debtor cites no authority to the contrary. The issue then becomes whether a lessor is entitled to immediate possession after a deemed rejection, or must instead be directed to state court to pursue its rights under state law.

It appears that a majority of the courts which have addressed this question have held that § 365(d)(4) prevails over contrary state law, and that a lessor of nonresidential real property is therefore entitled to immediate possession in the event of a deemed rejection of the lease. *See, e.g. In re U.S. Fax, Inc.*, 114 B.R. 70 (E.D.Pa. 1990); *In re Damianopoulos*, 93 B.R. 3 (Bankr.N.D.N.Y.1988); *In re Giles Associates, Ltd.*, 92 B.R. 695 (Bankr.W.D.Tex. 1988); *In re O.P. Held, Inc.*, 77 B.R. 388, 391 (Bankr.N.D.N.Y.1987); *In re Criadores de Yabucoa, Inc.*, 75 B.R. 96 (Bankr. D.P.R.1987); *In re Hurst Lincoln–Mercury, Inc.*, 70 B.R. 815, 15 B.C.D. 807 (Bankr. S.D.Ohio 1987); *In re Bernard*, 69 B.R. 13 (Bankr.D.Haw.1986); *In re Taynton Freight System, Inc.*, 55 B.R. 668, 671 (Bankr.M.D.Pa.1985); *In re Southwest Aircraft Services, Inc.*, 53 B.R. 805, 13 B.C.D. 814, 13 C.B.C.2d 979 (Bankr.C.D. Cal.1985), *aff'd*, 66 B.R. 121, 15 B.C.D. 453, 15 C.B.C.2d 1285 (9th Cir.B.A.P.1986), *rev'd on other grounds*, 831 F.2d 848 (9th Cir. 1987), *cert. denied*, 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988). Cases which have held that § 365(d)(4) does not mandate immediate surrender include *In re Cybernetic Services Corp., supra; In re Boston Business Machines*, 87 B.R. 867, 19 C.B. C.2d 435 (Bankr.E.D.Pa.1988); *In re Adams*, 65 B.R. 646, 649, 15 B.C.D. 166 (Bankr.E.D.Pa.1986); *In re Re–Trac Corp.*, 59 B.R. 251, 258–259, 14 B.C.D. 339, 14 C.B.C.2d 782 (Bankr.D.Minn.1986). For the reasons stated so convincingly by District Judge Giles in *U.S. Fax*, we reject the Debtor's state law argument, and hold that § 365(d)(4) controls under these circumstances.

We also agree with Bankruptcy Judge Ayers' explanation as to why rejection of a lease terminates the lease. *In re Giles Associates, Ltd.*, 92 B.R. at 696. *See also In re Southwest Aircraft Services, Inc.*, 66 B.R. 121, 123 (9th Cir.B.A.P.1986), *rev'd on other grounds* 831 F.2d 848 (9th Cir.1987), *cert. denied*, 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988); *In re Hawaii Dimensions, Inc.*, 47 B.R. 425, 427–428 (D.Haw.1985); *In re Mead*, 28 B.R. 1000 (E.D.Pa.1983); *In re Bernard, supra. Contra In re Picnic 'N Chicken, Inc.*, 58 B.R. 523, 525–526, 14 B.C.D. 208, 14 C.B. C.2d 475 (Bankr.S.D.Cal.1986); *In re Storage Technology Corp.*, 53 B.R. 471 (Bankr. D.Colo.1985). Judge Ayers' responsa to *Storage Technology* is well-reasoned and reflects the overwhelming weight of authority.

For these reasons, the Landlord's motion for an order compelling the Debtor to immediately surrender the premises will be granted.