## ROSENTHAL *v.* COATES.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MISSOURI.

No. 3. Submitted February 6, 1893. — Decided March 13, 1893.

When this case was reached it was dismissed under rule 10 because the record was not printed; but, upon a representation that the parties had stipulated under rule 32 that it should not be printed, the court vacated the order and permitted the case to be restored to the docket on payment of costs and printing the record.

Under the act of March 3, 1875, 18 Stat. 470, c. 137, a cause could not be removed from a state court unless the application was made before or at the term at which it could first be tried.

A cause could be removed on the ground of local prejudice, under Rev. Stat. § 639, sub-div. 3, only where all the parties to the suit on one side were citizens of a different State from those on the other.

In a suit by an assignee under an assignment for the benefit of creditors to disencumber a fund in his possession of alleged liens in favor of several different creditors, the fact that each defendant had a separate defence did not create a separable controversy as to each.

The removal acts do not contemplate that a party may experiment on his case in the state court, and, upon an adverse decision, then transfer it to the Federal court.

In the call of the docket this case was reached on the 17th of October, 1892, and was then dismissed pursuant to the tenth rule, on the ground that the record was not printed. Thereupon, on the 19th of December, 1892, the following motion was submitted on behalf of the appellant, entitled in the cause :

"Now comes Max Rosenthal, appellant, by *George Hoadly*, his attorney, and moves the court to set aside the order made herein on Monday, October 17th, 1892, dismissing this cause under the tenth rule, ' on the ground that the record was not printed;' for the following reasons, to wit: (1) That this is an appeal under Section 5 of the Act of March 3d, 1875, and is governed by Rule 32 of this court: (2) That Section 4 of Rule 32 reads as follows: ' As soon as such a case is docketed and advanced, the record shall be printed, unless the parties stipulate to the contrary, and file their stipulation with the Clerk:' (3) That on November 26th, 1889, appellant filed a stipulation signed by counsel for appellee and appellant, ' agreeing that the record need not be printed,' and in the agreed statement of what the record contains, on file in this court and printed with appellant's brief, it is therein again stipulated by both parties that ' the record need not be printed:' (4) That the agreed statement of what the record contains, embodied in appellant's brief, contains everything that could in any wise bear on the question now before this court.

"Yet, if your Honors construe Section 4 of Rule 32 as requiring the record to be printed,. or if your Honors desire it. printed, appellant will gladly have it done.

"Wherefore, appellant prays your Honors to set aside your said order and reinstate this cause upon the docket, subject to such conditions as to printing the record as your Honors may consider proper :

"Wherefore, appellant prays your Honors to sustain his said motion."

On the 3d of the following January the court ordered the decree of dismissal to be vacated on payment. of. costs, and printing of record ; the case to be submitted on printed briefs on or before February 3d, next. The case being submitted, the court, in delivering its opinion, made the following state-ment of the case :

On August 3, 1878, the Mastin Bank of Kansas City failed, and also executed a deed of general assignment to Kersey Coates for the benefit. of all creditors. Coates accepted and administered the trust. At the time of the failure the Mastin Bank had on deposit in the Metropolitan Bank of New York a large sum — $50,000 and over — that bank being its New York correspondent. It had, prior to August 3, and in the regular course of business, drawn and sold drafts on the Met-ropolitan Bank to different parties. One of the parties hold-ing such drafts was Rosenthal, the appellant. He brought suit in New York City, to secure payment from the Metro-politan Bank out of the funds in its hands, but the decision of Mr. Justice Blatchford, then Judge of the Circuit Court of the United States for the Southern District of New York, into which court the case had been removed, was adverse to his right to appropriate any portion of that fund to the payment of his draft. *Rosenthal* v. *Mastin Bank*, 17 Blatchford, 318. It would seem from the opinion that the case proceeded no further than to sustain a demurrer to the bill, with leave to the plaintiff to move on notice, etc., for an amendment. What orders, if any, were entered thereafter in that case are not disclosed by this record.

On June 23, 1881, Coates, as assignee of the Mastin Bank, filed in the Circuit Court of Jackson County, Missouri, a petition, in which he set forth the failure of the bank; the assignment; his acceptance of the trust; the amount of the deposit in the Metropolitan Bank to the credit of the Mastin Bank at the time of the failure, which deposit had subsequently passed into his hands; the fact that various drafts had been drawn by the latter on the former bank prior to the failure, which drafts were outstanding and unpaid; and that the holders of these drafts claimed the right to have that fund appropriated specially to the payment of their drafts. The holders of the drafts were made parties defendant, and the prayer was, substantially, that their rights in this fund be determined; to which petition Rosenthal, among other defendants, answered. He admitted the charge made in the petition that a decree adverse to his claim of payment out of that fund had been rendered in the Circuit Court of the United States for the Southern District of New York, but, nevertheless, claimed the benefit of a different line of decisions obtaining at that time in the trial courts of Missouri. This case came on regularly for hearing in the state trial court, and a decree was there entered directing Coates, the assignee, to pay all the other holders of drafts in full out of that fund, it being conceded to be sufficient in amount, but denying Rosenthal any right therein by reason of the prior adjudication in New York City. From such decree Coates and Rosenthal both appealed; Coates, however, gave no supersedeas bond. When the case reached the Supreme Court, the question involved having been recently theretofore presented in another case and decided adversely to the right of the holders of these drafts to payment out of such fund, that court simply entered an order reversing the decree of the Circuit Court, and remanding the case for further proceedings. No special notice seems to have been taken of the fact that the decree of the trial court was adverse to Rosenthal, and, in accordance with the conclusions of the Supreme Court, should have been affirmed. When the case returned to the Circuit Court, and before it was reached for further hearing, Coates had paid all the other holders of

drafts. Thereupon Rosenthal filed a petition for removal to the Circuit Court of the United States for the Western District of Missouri, he being a citizen of New York and Coates a citizen of Missouri. This petition for removal was filed on February 10, 1885. The record having been transmitted to the Federal court, a motion was made to remand, and, on October 25, 1886, it was sustained, and from this order remanding the case to the state court Rosenthal has appealed to this court.

*Mr. George Hoadly* for appellant.

*Mr. T. A. Frank Jones* for appellee.

Mr. JUSTICE BREWER, after stating the case, delivered the opinion of the court.

The motion to remand was properly sustained. No removal could be had under the act of March 3, 1875, 18 Stat. 470, c. 137, because the application was not made before or at the term at which said cause could be first tried. The case had been once tried in the Circuit Court, and thereafter reversed on appeal by the Supreme Court of the State.

Neither could it be removed on the ground of local prejudice, which is one of the grounds set forth in the petition for removal, because such removal can be had only where all the parties to the suit on one side are citizens of a different State from those on the other. *Jefferson* v. *Driver*, 117 U. S. 272. Here, several of the defendants were citizens of Missouri, the same State that Coates was a citizen of. Neither did the payment by Coates to the other defendants change the status of the suit. The petition did not disclose a separable controversy between Coates the assignee, and Rosenthal or any other holder of a draft, but a single controversy between him and all the defendants. Looking back of the form to the substance, it will be seen to have been one between all the creditors of the Mastin Bank as a body, represented by Coates, the assignee, as plaintiffs, and the defendants as another body; and the question was whether this fund should

be applied solely to the payment of the claims of the latter, or distributed generally among all of the former. Whether the fund was sufficient to pay all of the draft holders in full or not, was, therefore, immaterial. It was not enough to pay all the creditors, and they collectively and as represented by the assignee, Coates, were the real party in interest on the other side. The suit was, in effect, one by the assignee to disencumber this fund in his possession of alleged liens, and the fact that each defendant had a separate defence to this claim did not create a separable controversy as to him. *Fidelity Insurance Co.* v. *Huntington*, 117 U. S. 280; *Graves* v. *Corbin*, 132 U. S. 571, 586; *Young* v. *Parker*, 132 U. S. 267. Nor did any defendant create a separable controversy, by simply petitioning in his answer for payment out of that fund.

The appellant relies on the case of *Yulee* v. *Vose*, 99 U. S. 539. But in that case there was a separable controversy, and one in fact separated by the decision of the Court of Appeals of the State of New York. The case of *Brooks* v. *Clark*, 119 U. S. 502, is more in point. See also *Shainwald* v. *Lewis*, 108 U. S. 158; *Torrence* v. *Shedd*, 144 U. S. 527. The other defendants, although they have received the amounts due on their drafts, are not necessarily eliminated from this suit. Payments were made by Coates pending an appeal, under a mistaken notion of the law. He may be entitled to a decree declaring that they have no recourse upon this special fund, and then, perhaps, pursue some remedy to recover what he has erroneously paid. It is unnecessary to speculate what may be done. It is enough that they are still parties to the record, against whom some relief may be had, and that there is no separable controversy between the assignee and any defendant.

Further, to sustain this removal would certainly violate the spirit of the removal acts, which do not contemplate that a party may experiment on his case in the state court, and, upon an adverse decision, then transfer it to the Federal court. Here, Rosenthal has gone through the state trial and appellate courts, and his rights have been finally declared by the Supreme Court of the State; and though as yet no formal

decree has been entered in the trial court, it is none the less true that he has experimented with the state courts and been beaten, and now seeks a different forum. *Jifkins* v. *Sweetzer*, 102 U. S. 177.

The order to remand is

*Affirmed.*