**HEAL v. WOOD et al.**
**Civ. No. 7.**

District Court, W. D. Washington, N. D.
Oct. 6, 1939.

510

Walter B. Whitcomb, of Bellingham, Wash., and Preston, Thorgrimson & Turner, of Seattle, Wash., for plaintiff.

Todd, Holman & Sprague, of Seattle, Wash., for defendant Warren B. Wood.

NETERER, District Judge.

Concisely stated, the complaint seeks to set aside certain conveyances made by Frederick J. Wood, now deceased, to the defendants Warren B. Wood and Marian Wood Sefrit, his son and daughter, to defraud creditors. In substance it is stated that certain stocks, etc., specifically described were transferred to Warren B. Wood; and that certain other stocks were conveyed to Marian Wood Sefrit; that Warren B. Wood and E. K. Wood Lumber Company are citizens of the state of California; that Marian Wood Sefrit is a citizen of the state of Washington; Warren B. Wood has removed the action to this court, on the grounds of diversity of citizenship and separable controversy, the plaintiff moves to remand. The applicable statute, Tit. 28 U.S.C.A. § 71 states, " * * * And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district. * * *".

There must exist a separate and distinct cause of action, in which all the necessary parties on one side are citizens of California, and those on the other side citizens of the state of Washington. Fraser v. Jennison, 106 U.S. 191–194, 1 S.Ct. 171, 27 L.Ed. 131. The issue must be capable of separation so that the issue can be fully determined without the presence of the parties to the suit. Hyde v. Ruble, 104 U.S. 407, 409, 26 L.Ed. 823.

The complaint charges that the estate of Frederick J. Wood is and was insolvent September 26, 1930; that on said day the indebtedness of Wood was in excess of $1,529,000; that on September 30, 1930, some of said indebtedness was due, other of it was to become due, some of the creditors were pressing the reduction of the indebtedness; that Wood & English, Ltd., which was a co-maker of some of said obligations, was insolvent; its business was closed down, and it was unable to pay obligations, which were past due and was in failing condition.

The complaint further says that on the same day Wood "with intent to hinder, delay and defraud his creditors, transferred to his son, Warren B. Wood, * * *" certain stock in the E. K. Wood Lumber Company, and stock in other corporations; and equal shares to Marian Wood Sefrit; that the assignments of said stock was accepted by Warren B. Wood and Marian Wood Sefrit, with "knowledge of the purpose, design and intent * * * in making said transfer to hinder, delay and defraud the creditors of said Frederick J. Wood." The reasonable inference to be drawn from the complaint is that the stock was transferred on the books of the E. K. Wood Lumber Company, and other corporations, for, that, the dividends were paid upon the said stocks to the said defendants.

It is further alleged that by the last Will and Testament of Frederick J. Wood, Warren B. Wood and Charles L. Sefrit were appointed Executors of said Will, and such appointment was confirmed by the Probate Court; that each duly qualified as such, and letters testamentary were issued; that the inventory disclosed $621.82; that on the 22d day of March, 1939, in the State Probate Court, on petition of creditors of said estate, the court directed that inventory be filed of the shares of stock transferred by Frederick J. Wood to Warren B. Wood and Marian Wood Sefrit, and the dividends received therefrom; that "although said Warren B. Wood and Charles L. Sefrit are removed hereby as Executors of the estate of Frederick J. Wood, deceased, they are not discharged from the obligation of accounting for their acts as such Executors upon all matters upon which an accounting has not yet been made, and Warren B. Wood in particular, from the duty and obligation to account for the stock transferred to the said Warren B. Wood by transfer of Sept. 26th, 1930, and dividends since accruing, should said transfer be decreed to be void in any proceedings; and the rental for the house of the deceased, occupied by Charles L. Sefrit, since said decease, and that jurisdiction is specially reserved to hear and determine such accounting"; that the transfers were made without consideration, or for a grossly inadequate consideration.

It is further stated that inheritance taxes and State taxes have not been "settled or determined."

Plaintiff prays said transfers be declared void and of no effect; and that the defendants Wood and Sefrit be required to account for all dividends received, and that they present to the court said stock for transfer; that the E. K. Wood Lumber Company be directed to transfer said stock of the E. K. Wood Lumber Company, transferred to Warren B. Wood and Marian Wood Sefrit, upon its stock register to the plaintiff.

The plaintiff, as Administrator, is an officer of the State Probate Court acting by order of the said Court, in behalf of the creditors of said estate, to recover said assets as property of said estate, and to convert them into a fund to be applied to the satisfaction of State and inheritance taxes, and claims of the creditors, and others in interest.

■ The court must go into the essence without regard to the conclusion, or to the form, in which the complaint is cast. Nettles v. Rhett, D.C., 14 F.Supp. 594, 598. That there was community of action between the decedent and the defendants is obvious. All of the acts charged in the complaint were done on the same day; they involved practically the entire estate of the deceased, many hundred thousand dollars in value. The charge is that the transfer was with intent to place the assets of the estate beyond the reach of creditors of the deceased, and this intent was known to the defendants at the reception of the certificates of stock. The conclusion is inevitable, if the charge be true, that there was co-operation and confederation on the part of the defendants with the deceased to give the property a status other than it had, and the plan adopted was the transfers made of the stock in equal moieties to the defendants. To consummate the transaction it was necessary to transfer the stock on the books of the Company; the deceased was an officer of the defendant company. The intent of the deceased, to make the transfers, it is charged was to perpetrate a fraud, and this was known by the defendants when they accepted the assignments. It is obvious, if this charge is true, that the acts of the deceased assignor, and the acts of the defendant assignees in consummation of the plan to effect the transfers, constitute the plan or scheme, and constitute but one cause of action.

From the allegations in the complaint upon which the conclusion of the Court must be predicated, the same evidence is necessary to establish the charge of fraud against the transfer of property to each defendant, and to complete the remedy if

one is decreed; all of the parties defendant must necessarily be before the court.

The separate acts charged are merely the means and not the end. They do not constitute the cause of action, but they show it exists, by making the wrong appear, which is the transfer. The thing which the acts contemplate and accomplish make the cause of action. It is not the group of acts alleged in the complaint, but the result of these in a legal wrong, the existence of which, if true, they show. Baltimore S. S. Co. v. Phillips, 274 U.S. 316-321, 47 S.Ct. 600, 71 L.Ed. 1069.

The fact that each defendant has a separate defense does not create a separable controversy as to him. Rosenthal v. Coates, 148 U.S. 142, 13 S.Ct. 576, 37 L.Ed. 399. See also Graves v. Corbin, 132 U.S. 571, 10 S.Ct. 196, 33 L.Ed. 462.

It appears to the court that all parties defendant Warren B. Wood, and Marian Wood Sefrit, and the E. K. Wood Lumber Company, are not only proper but necessary parties to determine the issue which is tendered by the complaint.

To finally conclude the proceedings if the statements in the complaint are proved at trial, and fraudulent conveyance is adjudged, the stock must be transferred to the plaintiff; and all parties defendant have a duty and function to perform, and which the court in the case must decree. Obviously adequate relief could not be had without the presence of all of the defendants.

The motion to remand must be granted, and such is the order.