**In the Matter of Carlos VENEGAS MUNOZ, Esq., and Iveelisse M. Bigas, Debtors.**

**Bankruptcy No. B–86–01821(ESL).**

United States Bankruptcy Court, D. Puerto Rico.

Feb. 26, 1987.

Modesto Bigas Mendez, Ponce, P.R., for debtor.

Robert J. Griswold, San Juan, P.R., trustee.

Lourdes E. Zayas, Rio Piedras, P.R., for Conteca, Inc.

Carmen Rita Velez Borras & Assoc., San Juan, P.R., for Vila De Corral & Co.

## ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

This case is before the court on the motion by Conteca, Inc. ("Conteca") requesting that the "stay" in the instant case be extended to benefit said corporation to preclude the continuance of a collection of money action before the Superior Court of Puerto Rico, San Juan Part.

It appears from the documents attached to Conteca's motion that the action before the state court was filed by Vilá del Corral & Company against the debtors herein and Conteca, Inc. for collection of professional services.

There are two stay provisions applicable to a petition filed pursuant to Chapter 13 of Title 11, United States Code. These are 11 U.S.C. 362 and 11 U.S.C. 1301. The stay

under section 362 gives protection against any action to collect from debtors or debtors' estate (11 U.S.C. 541). The stay under 1301, protects actions to collect against a co-debtor for any part of a consumer debt of the debtor. A consumer debt is defined as a "debt incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. 101(7).

 Section 362 is not applicable since the assets of Conteca are not that of the debtors or of debtors' estate. Likewise, section 1301 is not applicable as professional fees are not a consumer debt.

Conteca has also prayed for injunctive relief under 11 U.S.C. 105. Section 105 grants the Bankruptcy Court power to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title [Bankruptcy Code]". Conteca relies on the decision arising from the *In re Johns-Manville Corporation,* 33 B.R. 254 (Bankr.S.D.N.Y.1983). See also *Johns-Manville v. The Asbestos Litigation Group,* 40 B.R. 219 (S.D.N.Y.1984).

As a general rule bankruptcy stays do not affect actions against co-debtors when the nature of the contractual relation gives rise to an independent cause of action. *Otoe County Nat'l Bank v. W & P Trucking, Inc.,* 754 F.2d 881 (10th Cir. 1985); *In re Venture Properties, Inc.,* 37 B.R. 175 (Bankr.D.N.H.1984); *In re Fisk,* 36 B.R. 924 (Bankr.W.D.Mich.1984); *In re O.H. Lewis Co.,* 40 B.R. 531 (Bankr.D.N.H. 1981); *In re Smith,* 14 B.R. 956 (Bankr.D. Conn.1981). *See also In re White Motor Credit Corp.,* 37 B.R. 631, 644–45 (N.D. Ohio 1984).

The Bankruptcy Court may extend the stay of proceedings by creditors against third parties which are liable with debtor under its inherent power pursuant to 11 U.S.C. 105. However, it may only do so if unusual circumstances are present. *Stoller v. Baldwin-United Corp.,* 41 B.R. 884, 889 (Bankr.S.D.Ohio 1984). Such unusual circumstances are not present in this case. Conteca's motion fails to show that the action before the state courts will have an adverse impact upon the estate if not stayed.

Moreover, a request for injunctive relief under 11 U.S.C. 105 comes under Part VII of the Bankruptcy Rules (Rules 7001(7) and 7065) which require the filing of an adversary proceeding. Furthermore, the standing to bring such an action rests on the debtor, debtor in possession or the trustee, and not with the liable third party.

In view of the foregoing, Conteca's motion is hereby denied.

IT IS SO ORDERED.