**In the Matter of Jennie LANDRON VALLEJO, Debtor.**

**BANCO POPULAR de PUERTO RICO, Plaintiff/Movant,**

v.

**Jennie LANDRON VALLEJO, Defendant/Respondent.**

**Bankruptcy No. B–86–02204(ESL).**

United States Bankruptcy Court, D. Puerto Rico.

April 7, 1987.

58

oranda. Movant filed its memorandum on February 20, 1987. Debtor filed hers on February 24, 1987.

Banco Popular avers that "it never waived its right to the thirty (30) day determination." A review of the record so corroborates. If this Court so assumed, the arrogation may have been unwarranted in the absence of a specific waiver. Banco Popular is also correct in stating that as a general rule the stay is deemed lifted if the Court does make a decision within the thirty (30) days specified in Rule 4001(b).

Notwithstanding the above, the equities of this case demand that the Court exercises its inherent power to insure that the basic intent of the Bankruptcy Code is carried out.

Pursuant to 11 U.S.C. § 105(a) the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This Court understand that the power under section is broad, but not limitless, and should be used sparingly. 2 *Collier on Bankruptcy* (15th Edition), ¶ 105.02, page 105.7.

The facts of this case show that it would be inequitous to bar, at this time, debtor's prospects of a reorganization. Accordingly, the Court, pursuant to 11 U.S.C. § 105(a) hereby enjoins Banco Popular from prosecuting any action to foreclose on property of the debtor even though the thirty (30) day period has expired. (*In re Brusich & St. Pedro Jewelers, Inc.*, 28 B.R. 545 (Bankr.Pa.1983); *In re Sandmar Corp.*, 16 B.R. 120 (Bankr.N.M.1981); *In re Kleinsasser*, 12 B.R. 452 (Bankr.S.D.1981).

As stated by the Court in *In re Brusich & St. Pedro Jewelers, Inc.*, 28 B.R. 549:

"In the case sub judice, it would be inequitable to deprive the debtor's estate of property which, as previously demonstrated, is undeniably part of that estate under Pennsylvania law. This is especially true in light of the fact that the stay terminated only because of the court's inability to administer its heavy caseload within the time constraints set

Felipe Sanabria Quiñonez, Rodriguez, Nevarez, Sanabria, Borras & Lopez Pumarejo, Hato Rey, P.R., for debtor/defendant/respondent.

Félix J. Montanez Miranda, Special Loans Dept., San Juan, P.R., for plaintiff/movant.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

Banco Popular de Puerto Rico (Banco Popular) has moved the court to consider the automatic stay provisions of 11 U.S.C. § 362 lifted in its favor on the grounds that the Court has not made a determination on the motion to lift stay within the thirty (30) day period granted by Rule 4001(b) and 11 U.S.C. § 362(d).

The final hearing on movant's motion was heard on February 3, 1987. The parties were ordered to file post hearing mem-

out under section 362(e) of the Code. Therefore, under section 105(a) of the Code, we will stay the relief sought by North Star."

In view of the foregoing, the stay is hereby continued as to Banco Popular.

IT IS SO ORDERED.