## In re CRIADORES DE YABUCOA, INC., Debtor.

### Bankruptcy No. B–86–01565(ESL).

United States Bankruptcy Court, D. Puerto Rico.

June 9, 1987.

Carlos E. Rodriguez, Quesada, Hato Rey, P.R., for debtor.

Federico Tilén, Jr., Fiddler, González & Rodriguez, San Juan, P.R., for "Fideicomiso".

Ana Olivencia, San Juan, P.R., for "CODREMAR".

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

This case is before the Court on the motion by Fideicomiso de Conservación de Puerto Rico (Fideicomiso) and the Corporación para el Desarrollo y Administración de los Recursos Marinos, Lacuestres y Fluviales de Puerto Rico (CODREMAR) requesting the immediate surrender of premises leased by the debtor on the grounds that the debtors has not assumed the lease within the period mandated by § 365(d)(4) of Title 11, United States Code. The motion came for a hearing on April 13, 1987. The matter was heard and the parties were requested to file legal memoranda. The same having been filed, the Court now enters the following findings of fact and conclusions of law:

### Findings of Fact

1. On January 19, 1983, the debtor herein entered into and subscribed separate lease agreements with Fideicomiso and CODREMAR.

2. The debtors leased from Fideicomiso and CODREMAR two non residential real properties to be used for agricultural purposes.

3. The term of the leases was for five (5) years with an option for five (5) additional years.

4. The debtor filed the instant petition under Chapter 11 of the Bankruptcy Code on August 25, 1986.

5. At the time that the petition was filed the lease had not been terminated.

6. After the filing of the petition the debtor did not ask the Court for an extension of time to assume or reject the subject leases.

7. More than sixty (60) days elapsed from the filing of the petition and the debtor did assume the subject leases.

### Conclusions of Law

The relevant facts to this controversy are not in controversy. The debtor did not assume the lease contracts within sixty (60) days from the filing of the petition. The debtor has so admitted[1] but prays the Court to allow it to assume the lease pursuant to its equity powers under section 105(a) of the Bankruptcy Code.

Section 365(d)(4) of the Bankruptcy Code provides in its relevant part that:

"... in a case under any chapter of this title, *if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief,* or within such additional time as the court, for cause, within such 60–day period fixes, *then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.* (Emphasis ours.)

It is thus clear that if a debtor does not assume or reject an unexpired lease of nonresidential real property within sixty (60) days after the date of the order for relief, it must *immediately* surrender such property to the lessor. *In re Southwest Aircraft Services, Inc.,* 66 B.R. 121 (9th Cir. BAP 1986); *Matter of Burns Fabricating Co.,* 61 B.R. 955 (Bankr.E.D.Mich. 1986); *In re Alba Press, Inc.,* 55 B.R. 127 (Bankr.E.D.N.Y.1985). The debtor in possession must file a motion to assume within sixty (60) days of order for relief. *In re BDM Corp.,* 71 B.R. 142 (Bankr.N.D.Ill. 1987). Since no motion was filed the leases are deemed rejected and the debtor in possession must immediately surrender the leased properties.

The debtor has moved the Court to use its equity powers under § 105(a) of the Bankruptcy Code. Pursuant to 11 U.S.C. § 105(a) the "Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This Court understands that the power under § 105(a) is broad, but not limitless, and should be used sparingly. 2 *Collier on Bankruptcy,* 15th Edition, ¶ 105.02, page 105.7.

The factual setting of this case does not allow this Court to override the mandatory and explicit provisions of § 365(d)(4) through the equitable injunctive powers of § 105(a). *In re Security & Energy Systems, Inc.,* 62 B.R. 676, 678 (Bankr.W.D.N.Y.1986).

### Conclusion

In view of the foregoing, the debtor herein shall surrender the premises leased to Fideicomiso and CODREMAR within ten (10) days from entry of this order.

IT IS SO ORDERED.

---

1. Debtor in its brief states that:

"2. While it is true that rejection of the contract has occurred, as the same was not assumed within sixty days from the date of the Order for Relief, under the particular facts and circumstances of the present Reorganization proceeding, in order to further the Bankruptcy Code and the Plan filed on April 10, 1986, the effects of Section 365(d)(4) should be construed favorably to the debtor."