**In re NASCO P.R., INC., Debtors.**

**NASCO P.R., INC., Plaintiff,**

**v.**

**CHEMICAL BANK, Defendant.**

**Bankruptcy No. B–89–03988(ESL). Adv. No. 89–0078.**

United States Bankruptcy Court, D. Puerto Rico.

March 16, 1990.

**36**

Richard Lee, San Juan, Puerto Rico, for plaintiff.

Rafael Perez–Bachs, McConnell, Valdes, Kelley, Sifre, Griggs & Ruiz–Suria Law Offices, San Juan, Puerto Rico, for defendant.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

There are two matters pending before the Court. The motion for summary judgment filed by Chemical Bank ("Chemical") and the opposition thereto by debtor/plaintiff, and the request to lift stay filed by Chemical. The Court will only address at this time the request to lift the automatic stay provisions of 11 U.S.C. § 362(a).

### Factual Setting

On September 27, 1989 Nasco filed a complaint for declaratory judgment as to the legal validity of Chemical's security interest and for a determination on the extent of said security interest pursuant to 11 U.S.C. § 506(a). On October 27, 1989 Chemical answered the complaint and counterclaimed requesting the lifting of the automatic stay. On November 13, 1989 Nasco answered defendant's counterclaim and admitted the following allegations in Chemical's counterclaim.

"1. On April 14, 1988, Nasco P.R. executed and delivered to Chemical the Note, whereby Nasco P.R. promised to pay to Chemical (for itself and for Irving) the sum of three million five hundred thousand dollars ($3,500,000) in various installments of principal (commencing on April 14, 1989) and of interest (commencing on April 30, 1989). Chemical is the holder in due course of the Note.

2. To secure its performance under the Note, on April 14, 1988, Nasco P.R. executed the Chattel Mortgage, which is duly recorded at the San German Section

of the Registry of Property of Puerto Rico.

3. Nasco P.R. has failed to pay the installments of principal due on April 14, July 14 and October 14, 1989; and has likewise failed to pay the installments of interest due on April 30, July 30 and October 30, 1989. To summarize, Nasco P.R. has paid Chemical Bank *nothing* under the Note."

Nasco also admitted "that it lacks equity in the property subject to the Chattel Mortgage". On December 8, 1989 Chemical filed a statement of the amount due pursuant to Local Bankruptcy Rule 4001. The above facts discharge Chemical's burden for the purpose of a request to lift stay.

On December 11, 1989 the parties came before the Court for a preliminary pretrial. On said date, Chemical consented that Nasco be granted time to answer its motion for summary judgment, but specifically stated it was not waiving any limitations period for a determination on the request for lift of stay. Legal memoranda on the issue has been filed by both parties.

For the reasons that follow the Court finds that the automatic stay under 11 U.S.C. § 362(a) has expired as to Chemical pursuant to its own statutory provisions.

### Conclusions of Law

### Applicable Law

### Procedure Under 11 U.S.C. § 362

■ Upon the filing of a bankruptcy petition, creditors are stayed from prosecuting collection actions against the debtor and the estate. 11 U.S.C. § 362(a). The basic purpose of the automatic stay is to provide the debtor a breathing spell from his creditors pending its rehabilitation or the liquidation of the estate. A creditor who is aggrieved by the automatic stay provisions of Section 362(a) may file a motion for relief from stay under 11 U.S.C. § 362(d). There are two (2) statutorily defined grounds to grant relief from the stay. First, is for cause, including lack of adequate protection; and second, with respect to an act against property there is a two pronged test, it must be shown that there

is no equity in the property and that the property is unnecessary to an effective reorganization. Pursuant to 11 U.S.C. § 362(g) the party requesting relief from the stay has the burden of proof on the issue of the debtors' equity in property, and the party opposing the relief has the burden of proof on all other issues.

■ Section 362(e), Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001 provide an expedited and strictly defined timetable to process motions to lift stay. Section 362(e) and Bankruptcy Rule 4001(a)(2) provide for three (3) thirty 30 day periods governing the timing of hearings and rulings respecting the continuation of the automatic stay. *In re Wedgewood Realty Group, Ltd.*, 878 F.2d 693, 697 (3rd Cir. 1989). The Court must hold a hearing within thirty (30) days from the filing of the motion to lift stay. Should the hearing be determined to be a preliminary hearing, and if the Court finds that respondents have a reasonable likelihood to prevail, then a final hearing must be held within thirty (30) days from the preliminary hearing. Under Bankruptcy Rule 4001(a)(2) the Court must enter its decision within thirty (30) days after commencement of the final hearing. Failure to observe any of the above thirty (30) day periods results in the termination of the automatic stay.

Chemical has requested the lift of stay through a counterclaim. Such a procedure does not follow the letter of Local Bankruptcy Rule 4001. However, it does comply with Bankruptcy Rule 4001. The counterclaim has initiated a "contested matter" between the two parties in interest within the context of an adversary proceeding wherein the subject of Chemical's security interest has been questioned. Nasco has been duly notified and placed in a position to defend the 362 action. Moreover, Chemical specifically advised Nasco of the failure to request the reimposition of the stay and its refusal to waive the time constraints included in Section 362(e) and Bankruptcy Rule 4001. There has been no indavertent ending of the stay. 2 Cowans Bankr. Law and Pract., 89 Ed., § 11.7, pages 382–384.

**38**

### The Court's Injunctive Power Under 11 U.S.C. § 105(a)

Section 105(a) provides as follows:

"(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

 A mere reading of Section 105(a) discloses its broadness. However, the Court's broad injunctive power under Section 105(a) must be used sparingly. *In re Landron Vallejo*, 73 B.R. 57, 58 (Bankr.P.R.1987); *In re Criadores de Yabucoa, Inc.*, 75 B.R. 96 (Bankr.P.R.1987); *In re Codfish Corporation*, 97 B.R. 132, 135 (Bankr.P.R. 1988). The bankruptcy court has power under Section 105(a) to reimpose a stay that has lapsed under Section 362(e). *In re Wedgewood Realty Group, Ltd.*, supra, at page 701. A party wishing to invoke the Court's injunctive power under Section 105(a) must file an adversary proceeding under Part VII of the Bankruptcy Rule, Bankruptcy Rule 7001(7); Bankruptcy Rule 7065; *Matter of Venegas Munoz*, 73 B.R. 283, 285 (Bankr.P.R.1987); and must follow the traditional standards for the issuance of an injunction. *Matter of Supermercado Gamboa, Inc.*, 68 B.R. 230, 233 (Bankr.P.R. 1986).

 Although the Court has the power to reimpose the stay, it behooves the debtor to apply for it following the appropriate procedure. *In re Wedgewood Realty Group, Ltd.*, supra, at page 701. As stated by the Court in *In re Riverhills Apartments Fund*, 813 F.2d 702, 707 (5th Cir. 1987):

"Although the Bankruptcy Code imposes a duty upon the Court to act within the appropriate time limit, it is debtors's burden to call the issue to the Court's attention if it desires that the stay be continued."

In this case the debtor has failed to move the Court for an injunction. Accordingly, the automatic stay under 11 U.S.C. § 362 expired pursuant to its own statutory provisions.

### Conclusion

 A debtor wishing to reimpose a lapsed stay under Section 362(e) must file a complaint under Part VII of the Bankruptcy Rules requesting injunctive relief under Section 105(a). The above decision does not foreclose the Court, under extreme and exigent circumstances, to act sua sponte and reimpose a stay to prevent a clear abuse of process. Such an abuse of process is not present in this case. Accordingly, the stay against Chemical has lapsed and terminated by its own statutory provisions. Notwithstanding, the instant determination does not constitute res judicata on the issues of plaintiff's complaint. 2 Collier on Bankruptcy, 15th Ed., par. 362.8[3], pages 362–369.

SO ORDERED.