972 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STATE of OREGON, ex rel. OREGON STATE BAR, Plaintiff-Appellee,
v.
Robert J. WRIGHT, Defendant-Appellant.
 No. 91-35902.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 7, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert J. Wright appeals pro se the district court's order denying his petition for removal and remanding the State of Oregon's criminal contempt action against him. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1447(d).[1] We review de novo, Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 (9th Cir.1988), and affirm.
 
 
 3
 The State of Oregon initiated criminal contempt proceedings in state court against Wright for violations of an injunction forbidding Wright from engaging in the unlicensed practice of law. Lane County Circuit Court found Wright to be in contempt of court, and the Oregon Court of Appeals affirmed. The Oregon Supreme Court reversed the Court of Appeals decision on the limited issue of the statute of limitations for criminal contempt proceedings. The Oregon Supreme Court held that such proceedings are subject to the equitable limitation of laches and ordered the circuit court to enter a new judgment of conviction for those violations not barred by laches. One week before the remanded hearing in Lane County Circuit Court, Wright filed a petition for removal from state court pursuant to 28 U.S.C. § 1443. The State of Oregon moved for remand to state court.
 
 
 4
 Petitions for removal under 28 U.S.C. § 1443 are governed by 28 U.S.C. § 1446, which provides:
 
 
 5
 A petition for removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the petitioner leave to file the petition at a later time.
 
 
 6
 28 U.S.C. § 1446(c)(1).
 
 
 7
 Here, Wright petitioned for removal only after his trial and appeal in the state courts. Moreover, Wright neither demonstrated nor alleged good cause for the delay. Thus, Wright waived any right to removal by failing to file a timely petition pursuant to 28 U.S.C. § 1446(c)(1). See Rosenthal v. Coates, 148 U.S. 142, 147 (1893) (party may not experiment on his case in the state trial and appellate courts and, "upon an adverse decision, then transfer it to the Federal court."). The district court properly denied Wright's petition for removal as untimely.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Wright petitioned for removal pursuant to 28 U.S.C. § 1443, his appeal falls within an exception to the general rule that remand orders are not reviewable "on appeal or otherwise." See 28 U.S.C. § 1447(d)
 
 
 [2]
 The district court also denied Wright's petition on the ground that 28 U.S.C. § 1443 did not apply. Section 1443 applies only to rights that are granted in terms of racial equality. Georgia v. Rachel, 384 U.S. 780, 792 (1966). Wright's petition did not allege a violation of racial equality and, therefore, was properly denied. See id