**In re CONSOLIDATED PIONEER
MORTGAGE ENTITIES,
Debtor.**

**TRANSCORP/WILBUR S. AVANT, JR., M.D. ROLLOVER I.R.A. Account # IRC–9032–OR; Richard M. Rubio, M.D.P.A., Money Purchase Pension Plan & Trust; The San Diego Diagnostic Radiology Medical Group, Inc., Retirement Trust Dated 2/1/76, FBO James W. Backhaus, M.D.; The San Diego Diagnostic Radiology Medical Group, Inc., Retirement Trust Dated 2/1/76, FBO Lawrence E. Goldberger, M.D.; and Wilbur S. Avant, Jr., M.D., Appellants,**

v.

**PIONEER LIQUIDATING CORPORATION, a California corporation, as successor in interest to the Consolidated Pioneer Mortgage Entities, Appellee.**

BAP No. SC–95–1980–AsJV.
Bankruptcy No. 91–00214–M11.
Adv. No. 95–90066–M11.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted Nov. 21, 1996.

Decided Jan. 7, 1997.

Michael H. Wexler, San Diego, CA, for Transcorp/Wilbur S. Avant, Jr., Rollover I.R.A. Account # IRC–9032–OR, et al.

Gregory P. Goonan, Barnhorst, Schreiner & Goonan, San Diego, CA, for Consolidated Pioneer Mortgage Entities.

Before: ASHLAND, JONES, and VOLINN, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

### STATEMENT OF FACTS

Between 1986 and 1990, Naimco–Clairemont, Inc. made three loans to a group of borrowers. The loans were secured by promissory notes and trust deeds encumbering property in Julian, California. Naimco–Clairemont assigned the promissory notes and trust deeds to various investors.

In October 1990, Nenner Enterprises, Inc. made a $1,350,000 loan to borrowers, secured by a deed of trust on the property in Julian. Nenner Enterprises intended that the Naimco–Clairemont liens be subordinated to the Nenner Enterprises lien, granting Nenner Enterprises a senior lien position. Subsequently, Nenner Enterprises assigned its beneficial interest in the trust deed to appellants.

Consolidated Pioneer Mortgage Entities is a consolidation of the bankruptcy estates of numerous corporations, including Naimco–Clairemont, Inc. Pioneer Liquidating Corporation is a liquidating corporation which was vested with substantially all of Consolidated Pioneer Mortgage's assets. Hence, Pioneer holds the beneficial interests in the three promissory notes and trust deeds encumbering the property in Julian.

In February 1994, Pioneer filed a state court complaint seeking to foreclose the notes and trust deeds. Pioneer named appellant as a defendant and sought a declaration that appellant's trust deed was junior to Pioneer's trust deeds.

Appellant filed a motion for judgment on the pleadings. Relying on a recent adversary proceeding involving Pioneer, in which the bankruptcy court held that Pioneer could not assert a claim against certain third parties, appellant argued that Pioneer was acting beyond the scope of its authority because here, too, it was attempting to assert claims against third parties. Appellant's motion for judgment on the pleadings was eventually denied.

In January 1995, appellant filed a complaint in the bankruptcy court against Pioneer. The complaint sought: a declaration that Pioneer's prosecution of claims against appellant is beyond Pioneer's scope of authority; to enjoin Pioneer from prosecuting such claims against appellant; and a recovery of damages incurred by appellant in defending itself in the state court.

Concurrently, appellant filed a request for immediate injunctive relief from the bankruptcy court. Stating that it did not have jurisdiction, the court denied the request. The court further elaborated that, if it had jurisdiction, it would decline to exercise it for reasons of comity.

Meanwhile, a settlement between appellant and Pioneer was entered in state court on February 10, 1995. The state court granted Pioneer's motion to enforce the settlement over appellant's objections. Shortly thereafter, appellant filed a writ of petition with the California Court of Appeals. On June 2, 1995, the appeals court stayed enforcement of the state court's settlement order until further notice. Thus far, the stay is in effect.

In May 1995, Pioneer filed a motion seeking to dismiss appellant's complaint in the bankruptcy court. Pioneer's motion is based on its contention that the bankruptcy court lacks jurisdiction over the subject matter of the complaint and that the complaint fails to state a claim for relief, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. Fed.R.Civ.P. 12(b)(1) and 12(b)(6) are made applicable to bankruptcy proceedings through Federal Rule of Bankruptcy Procedure 7012. The bankruptcy court granted Pioneer's motion to dismiss without leave to amend. Appellant appeals the court's order.

## ISSUES ON APPEAL

1. Whether the bankruptcy court erred in granting Pioneer's motion to dismiss appellant's complaint based on Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

2. Whether the bankruptcy court erred in denying appellant an opportunity to amend its complaint.

## STANDARD OF REVIEW

A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law and as such is reviewed de novo. *Oscar v. University Students Co-operative Ass'n*, 965 F.2d 783, 785 (9th Cir.1992). The existence of subject matter jurisdiction is also a question of law subject to de novo review. *Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc.*, 970 F.2d 552, 554 (9th Cir. 1992). The district court's factual findings on jurisdictional issues must be accepted unless clearly erroneous. *Reebok*, 970 F.2d at 554. Abstention decisions are reviewed under the abuse of discretion test. *C–Y Development Co. v. City of Redlands*, 703 F.2d 375, 377 (9th Cir.1983). A dismissal without leave to amend receives de novo review. *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir.1991).

De novo means considering the matter anew, as if it had not been heard before and as if no decision previously had been rendered. *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir.1988). In reviewing decisions of the district court, the court of appeals may affirm on any ground supported by the record. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 584 (9th Cir.1995).

## DISCUSSION

**I. Dismissal for Lack of Subject Matter Jurisdiction and Failure to State a Claim**

A. *Standing*

When reviewing a motion to dismiss a complaint, the court is required to read the

complaint charitably and assume that all general allegations embrace whatever specific facts may be necessary to support them. *Peloza v. Capistrano Unified School Dist.*, 37 F.3d 517, 521 (9th Cir.1994), *cert. denied*, — U.S. —, 115 S.Ct. 2640, 132 L.Ed.2d 878 (1995). Additionally, dismissal is warranted only if it appears to a certainty that the plaintiff would be entitled to no relief under any state of the facts that could be proved. *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 897 (9th Cir.1986).

Pioneer argues that appellant lacks standing to bring the adversary complaint against Pioneer because appellant has already raised the issue in state court and because appellant does not fall within the purview of 11 U.S.C. § 105(a). Dismissal for lack of standing is a subspecies of dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *In re Saylor*, 178 B.R. 209, 215 (9th Cir. BAP 1995).

■ Section 105(a) of the Bankruptcy Code authorizes a bankruptcy court to issue any order necessary or appropriate to carry out the provisions of the Code. 11 U.S.C. § 105(a). For example, § 105(a) permits the court to issue both preliminary and permanent injunctions after confirmation of a plan to protect the debtor and the administration of the bankruptcy estate. *In re Rohnert Park Auto Parts, Inc.*, 113 B.R. 610, 614 (9th Cir. BAP 1990).

■ However, "the [c]ourt's broad injunctive power under [§ 105(a)] must be used sparingly." *In re Nasco P.R., Inc.*, 117 B.R. 35, 38 (Bankr.D.P.R.1990). And more importantly, "[s]tanding ... to enjoin the actions of a third party rests with the debtor, debtor in possession, or the trustee, and not with the third party." 2 *Collier on Bankruptcy*, ¶ 105.02 at 105–12 (15th ed.1996); *In re Venegas Munoz*, 73 B.R. 283, 285 (Bankr. D.P.R.1987). Therefore, appellant, a third party to the proceeding, lacks standing to bring a motion for injunctive relief pursuant to § 105(a).

Additionally, instead of removing the action to the bankruptcy court, appellant elected to appear in state court and filed a motion for judgment on the pleadings. Appellant's request for injunctive relief from the bankruptcy court appears to be a poorly disguised attempt to undermine the power of the state court. It was only after its state court motion was denied that appellant filed a request for injunctive and declaratory relief in the bankruptcy court.

■ It is recognized that "any litigation of the merits of the case or other indication of submission to state court jurisdiction, by answer or otherwise, constitutes a waiver of the right to remove." *Haun v. Retail Credit Company*, 420 F.Supp. 859, 863 (W.D.Pa. 1976). For instance, a party waives "the right to remove when [he] attempts to experiment with the merits of his case in state court and then use removal to get a second chance or 'alternative appeal' route in federal court." *Haun*, 420 F.Supp. at 863, *citing Rosenthal v. Coates*, 148 U.S. 142, 13 S.Ct. 576, 37 L.Ed. 399 (1893); *In re 73rd Precinct Station House in Borough of Brooklyn, City of New York*, 329 F.Supp. 1175, 1178 (E.D.N.Y.1971); *Daugherty v. Sharp*, 171 F. 466 (6th Cir.1908).

### B. *Jurisdiction*

■ "In cases of concurrent state and federal jurisdictions it is axiomatic that the federal courts have a 'virtually unflagging obligation ... to exercise the jurisdiction given them.'" *Best v. The City of New York*, 654 F.Supp. 208, 210 (S.D.N.Y.1986), *citing Telesco v. Telesco Fuel & Masons' Materials, Inc.*, 765 F.2d 356, 360 (2nd Cir.1985); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). Nonetheless, the Supreme Court has acknowledged certain exceptional circumstances in which the federal court may decline to exercise its jurisdiction. Such exceptional circumstances include: whether either court has assumed jurisdiction over property; convenience of one forum over the other; avoidance of piecemeal litigation; the order in which the courts obtained jurisdiction; whether federal or state law provides the rule of decision; and the adequacy of the state forum to protect the parties' rights. *Best*, 654 F.Supp. at 210, *citing Moses H. Cone Memorial Hospi-*

*tal v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

[redacted] "[A] carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). Here, Pioneer's complaint in state court involves issues of state law. A district court "must abstain from hearing a purely state law claim where there is no other basis for federal jurisdiction other than its relatedness to a bankruptcy proceeding ... and where the claim can be timely adjudicated in state court." *State Bank of Lombard v. Chart House, Inc.*, 46 B.R. 468, 472 (Bankr.N.D.Ill. 1985); *In re Smith–Douglass, Inc.*, 43 B.R. 616, 617 (Bankr.E.D.N.C.1984).

Allowing the bankruptcy court jurisdiction of the claims would encourage piecemeal litigation. Further, the state court forum will adequately protect the litigants' rights because lien priority is governed by state, not federal, law. Finally, the state court was first to obtain jurisdiction. "[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Best*, 654 F.Supp. at 210, *citing Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 21, 103 S.Ct. 927, 939, 74 L.Ed.2d 765 (1983). Here, the state court complaint was filed first; but more importantly, the state court has already approved a settlement, now pending before the state court of appeals. Thus, allowing appellant to proceed in federal court for the simple reason that it is not happy with the outcome of the state litigation would only serve to encourage litigants to forum shop during the pendency of the litigation. *Best*, 654 F.Supp. at 211.

Read charitably, appellant's complaint asks the bankruptcy court to act as an appellate court and review the state court order approving the parties' settlement. Thus, the bankruptcy court did not err in dismissing appellant's complaint.

## II. Dismissal Without Leave to Amend

[redacted] Appellant challenges the bankruptcy court's denial of leave to file an amended complaint. Where the district court offers no express reasons for dismissing a complaint without leave to amend in its order, we must look at the five factors frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990), *citing Ascon Properties, Inc. v. Mobil Oil Company*, 866 F.2d 1149, 1160 (9th Cir.1989).

Bad faith, prejudice to the opposing party, and futility are dispositive in this case. Appellant had already chosen the state court as the forum in which to raise its arguments. Appellant caused Pioneer to incur additional legal fees and expenses in defending a redundant claim. And, it is not factually possible for appellant to amend the complaint so as to satisfy the standing requirement.

Thus, even if appellant were provided a chance to amend its complaint, it does not appear that it could state a claim for which relief could be granted nor establish that the court has subject matter jurisdiction. The bankruptcy court did not err in denying leave to amend.

## *CONCLUSION*

For the foregoing reasons, the order of the bankruptcy court granting Pioneer's motion to dismiss appellant's complaint without leave to amend is affirmed.