**Timothy HANLON, Plaintiff—Appellant,**

v.

**HARTFORD LIFE & ACCIDENT IN-SURANCE COMPANY, a Connecticut corporation, Defendant—Appellee.**

No. 02–35698.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2003.

Decided Nov. 25, 2003.

Gregory P. Lynch, Christopher D. Hatfield, Stanley D. Austin, Hurley, Lynch & Re, P.C., Bend, OR, for Plaintiff–Appellant.

R. Daniel Lindahl, Esq., Lori R. Metz, Esq., Bullivant, Houser, Bailey, PC, Portland, OR, for Defendant–Appellee.

Before: GOODWIN, ALARCON, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Plaintiff Timothy Hanlon appeals the dismissal of his claim without leave to amend. We conclude that the district court did not err, and we affirm.

A dismissal without leave to amend is proper if "it is clear, upon de novo review, that the complaint could not be saved by any amendment." *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir.2003) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir.2001)). However, "[a] district court's denial of leave to amend is reviewed for abuse of discretion." *Broudo v. Dura Pharm., Inc.*, 339 F.3d 933, 937 (9th Cir.2003) (citation omitted).

Where a district court does not offer reasons for a dismissal without leave to amend, we consider five factors to address the propriety of that decision: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Schmier v. United States Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir.2002) (quoting *In re Consol. Pioneer Mortgage Entities*, 205 B.R. 422, 426 (B.A.P. 9th Cir.1997)). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997) (alteration in original) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988)). Futility of amendment, standing alone, can justify the denial of a motion for leave to amend. *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir.2001).

The district court correctly concluded that Hanlon's proposed amendment would be futile because his state law claims would continue to be preempted by the Employee Retirement Income Security Act ("ERISA"). *See Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404, 407–08 (9th

---

Cir.1995); *see also McKesson HBOC, Inc.,* 339 F.3d at 1096 ("Like the district court, we conclude that the deficiencies in McKesson's claims cannot be cured by amendment."). The district court was not required to grant *sua sponte* leave to amend the complaint to allege an ERISA-based claim. *See Geweke Ford v. St. Joseph's Omni Preferred Care Inc.,* 130 F.3d 1355, 1361 (9th Cir.1997) ("[Plaintiff] waived its right to make these ERISA claims because [plaintiff] neither raised this issue to the district court nor requested leave to amend to attempt to assert a claim under ERISA.").

**AFFIRMED.**

---

* Honorable Charles R. Weiner, Senior Judge, ⸴ Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.